UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RAI RAMRATTAN,

       Plaintiff,
v.

SFS HOLDINGS, LLC D/B/A SPECIALTY
FREIGHT & COURIER,
DRAW COURIERS, LLC,
A. WALKER ALLEN, III,

       Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

    Plaintiff, RAI RAMRATTAN, brings this action against Defendants, SFS HOLDINGS, LLC D/B/A SPECIALTY FREIGHT & COURIER, DRAW COURIERS, LLC and A. WALKER ALLEN, III, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1.    Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.    At all times material hereto, Plaintiff RAI RAMRATTAN was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3.    At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA through his transportation of items as part of a continuous movement with interstate travel.

4.    Plaintiff worked as a delivery driver for Defendants out of Broward County, Florida.

5.    At all times material hereto, Defendant, SFS HOLDINGS, LLC D/B/A SPECIALTY FREIGHT & COURIER, was a Florida corporation with its principal place of business in South

1

Florida, engaged in commerce in the field of courier and delivery services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6.   At all times material hereto, Defendant, DRAW COURIERS, LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of courier and delivery services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

7.   Defendants SFS HOLDINGS, LLC D/B/A SPECIALTY FREIGHT & COURIER and DRAW COURIERS, LLC are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

8.   Defendants SFS HOLDINGS, LLC D/B/A SPECIALTY FREIGHT & COURIER and DRAW COURIERS, LLC were joint employers of Plaintiff under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

9.   Defendant, A. WALKER ALLEN, III, is a resident of Duval County, Florida and was, and now is, the managing agent, director and owner of Defendant, SFS HOLDINGS, LLC D/B/A SPECIALTY FREIGHT & COURIER; said Defendant acted and acts directly in the interests of Defendant, SFS HOLDINGS, LLC D/B/A SPECIALTY FREIGHT & COURIER, in relation to said co-Defendant's employees. Defendant effectively dominates SFS HOLDINGS, LLC D/B/A

SPECIALTY FREIGHT & COURIER administratively and otherwise acts, and has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others. Thus, A. WALKER ALLEN, III was and is an "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d).

10. Defendant, A. WALKER ALLEN, III was, and now is, the managing agent, director and owner of Defendant, DRAW COURIERS, LLC; said Defendant acted and acts directly in the interests of Defendant, DRAW COURIERS, LLC, in relation to said co-Defendant's employees. Defendant effectively dominates DRAW COURIERS, LLC administratively and otherwise acts, and has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others. Thus, A. WALKER ALLEN, III was and is an "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d).

11. Plaintiff RAI RAMRATTAN was employed by Defendants as a driver.

12. Defendant A. WALKER ALLEN, III controlled Plaintiff's compensation.

13. Defendant A. WALKER ALLEN, III controlled Plaintiff's duties.

14. Defendant A. WALKER ALLEN, III had hiring and firing authority over Plaintiff.

15. Defendants use vehicles manufactured outside Florida in furtherance of their business.

16. Defendants misclassified Plaintiff as an indepenent contractor.

17. Defendants intentionally misclassified Plaintiff as an independent contractor to avoid paying Plaintiff his proper overtime wages.

18. Defendants failed to pay Plaintiff his full and proper overtime wages of 1.5 times Plaintiff's equivalent regular hourly rate under the FLSA.

19. Plaintiff has attached a Statement of Claim as <u>Exhibit A</u> to provide preliminary estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

20. Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

21. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

22. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

23. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-22 above as if set forth herein in full.

24. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

25. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email:  ekoz@kozlawfirm.com

*Elliot A. Kozolchyk*

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791